UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL SONNER, | |
|     Petitioner, | 2:00-cv-1101 KJD-CWH |
| vs. | |
| RENEE BAKER, *et al.*, | ORDER |
|     Respondents. | |

In this habeas corpus action pursuant to 28 U.S.C. § 2254, petitioner has filed four motions that await the court's decision – (1) a motion for evidentiary hearing (ECF No. 181), (2) a motion for leave to conduct discovery (ECF No. 186), (3) a motion for leave to expand the record (ECF No. 187), and (4) a motion for stay and abeyance (ECF No. 218). This order decides all four motions.

*1. Motion for leave to conduct discovery*

With his motion for leave to conduct discovery, Sonner asks permission to subpoena two Nevada television stations to obtain video recordings related to his case and to subpoena the Nevada Department of Corrections for information related to all Nevada homicide cases from 1976 until the present time. As noted in Sonner's own procedural history of this case, the parties herein engaged in informal and formal discovery from 2001 to 2006. ECF No. 186, p. 7.[1] While Sonner indicates that

---

[1] References to page numbers in the record are based on CM/ECF pagination.

he was prevented from discovering the material at issue during his first and second *state* post-conviction proceedings, he has not provided an adequate justification for not pursuing the material during the protracted discovery proceedings in this court ten years ago.

Under the court's scheduling orders, Sonner's ample opportunity to conduct discovery has long since past. See ECF Nos. 21, 28, 47, 51, 61, 75, 128. As such, Sonner's motion shall be denied. *See Al Alwi v. Obama*, 653 F.3d 11, 26 (D.C. Cir. 2011) (holding that district court did not abuse its discretion by refusing to issue further discovery orders in habeas proceeding without a showing that detainee's requests satisfied the case management order's predicate conditions).

*2. Motion for leave to expand the record*

With his motion for leave to expand the record, Sonner asks to include, as part of the record, numerous exhibits attached to his motion for evidentiary hearing (i.e., ECF Nos. 182-185), which he claims are relevant to this court's adjudication of Claims G, H, I, II, TT2, TT10, TT11, HHH, and III. Rule 7 of the Rules Governing Section 2254 Cases authorizes a federal habeas court to expand the record to include additional material relevant to the determination of the merits of a petitioner's claims. However, 28 U.S.C. § 2254(e)(2) limits a petitioner's ability to present new evidence through a Rule 7 motion to expand the record in the same manner as it does with regard to evidentiary hearings. *See Cooper–Smith v. Palmateer*, 397 F.3d 1236, 1241 (9th Cir.2005) (holding that the conditions of § 2254(e)(2) generally apply to petitioners seeking relief based on new evidence, even when they do not seek an evidentiary hearing) (citing *Holland v. Jackson*, 542 U.S. 649 (2004) (per curiam)).

Thus, when a petitioner seeks to introduce, through a Rule 7 motion, new affidavits and other documents never presented in state court for the purpose of establishing the factual predicate of a claim, he must show both diligence in developing the factual basis in state court and relevancy of the evidence to his claim. If diligence is not shown, the requirements of § 2254(e)(2) must be satisfied before the court can consider expansion of the record.

As an initial matter, some of the exhibits at issue are part of the state court record, but are not included with the state court material that the respondents have filed in this proceeding. There is no impediment to the inclusion of these exhibits in the record before this court. *See Dobbs v. Zant*, 506 U.S. 357, 359 (1993) (per curiam) (reversing for failure to supplement the record with a late-discovered transcript). In allowing these exhibits to become part of the record, however, the court makes no judgment as to whether these exhibits are relevant to the above-noted claims.[2]

The remainder of the exhibits Sonner seeks to include in the record were not presented to the state court, but Sonner contends that § 2254(e)(2) does not apply because he was diligent in developing the evidence in state court. As discussed in this court's order ruling upon respondents' motion to dismiss, the state district court applied a procedural bar to Sonner's second state post-conviction petition in a manner that was unforeseeable and indisputably erroneous. ECF No. 170, p. 20-21. The erroneous dismissal of his case deprived Sonner of his opportunity to present the state court with the evidence he now seeks to put before this court. The circumstances here are analogous to those present in *Scott v. Schriro*, 567 F.3d 573 (9th Cir. 2009).

In *Scott*, the petitioner's efforts to raise particular ineffective assistance of counsel claims were frustrated by the Arizona court's application of a procedural rule that limited a petitioner's ability to amend a petition for post-conviction relief. 567 F.3d at 580. In concluding that the rule was not an adequate and independent state procedural bar to federal review of the merits of Scott's claims, the Ninth Circuit noted that, at the time of the Scott's post-conviction proceeding, the only published Arizona case (an Arizona Court of Appeals decision) interpreting the relevant version of the rule was contrary to the state court's ruling in Scott's case. *Id*. at 581.[3] The court of appeals further held that,

---

[2] The exhibits fitting this description are Exhibits 33, 35, 44, 45, 52, 63, 64, and 79-86 at ECF Nos. 183-185.

[3] The court in *Scott*, in a footnote, also noted that the Arizona Supreme Court subsequently adopted the reasoning of the published case in two unpublished cases. *Id*. n.7.

3

because Scott had not ever been given an evidentiary hearing in state court, he was entitled to one in federal court on remand. *Id*. at 584. Given the similarity between this case and *Scott*, this court concludes that § 2254(e)(2) does not prevent this court from expanding the record herein.

Even so, this court's consideration of at least some of the additional exhibits is potentially circumscribed by the holding in *Cullen v. Pinholster*, 563 U.S. ___, 131 S.Ct. 1388 (2011). In *Pinholster*, the Court held that federal review of habeas corpus claims under § 2254(d)(1) is "limited to the record that was before the state court that adjudicated the claim on the merits." 131 S.Ct. at 1398. Therefore, evidence introduced at an evidentiary hearing in federal court may not be used to determine whether a state court decision on the merits of a petitioner's habeas claim violates § 2254(d). *Id*. Following the decision in *Pinholster*, an evidentiary hearing in a federal habeas proceeding is futile unless the federal habeas court has first determined that the state court's adjudication of the petitioner's claims was contrary to or an unreasonable application of clearly established federal law, and therefore not entitled to deference under § 2254(d)(1), or that the state court unreasonably determined the facts based upon the record before it, and therefore deference is not warranted pursuant to § 2254(d)(2).

The determination of whether *Pinholster* limits this court's consideration of some of Sonner's newly-proffered evidence is necessarily based on (1) whether the state court adjudicated the relevant claim on the merits and (2) whether the state court decision is entitled to deference under § 2254(d)(1) or (2). Rather than delve into that inquiry here, the court shall grant Sonner's motion to expand the record, but with the proviso that the court may be precluded from considering evidence not before the state court when it adjudicated a claim to which to which the evidence relates.

*3. Motion for stay and abeyance*

Sonner moves for stay and abeyance for the stated purpose of exhausting the exhibits attached to his motion for evidentiary hearing. According to Sonner, the motion was prompted by the respondents' objection, pursuant to *Pinholster*, to this court considering evidence that was not

presented to the state court. Sonner argues that authority for the type of stay he seeks can be found in *Gonzalez v, Wong*, 667 F.3d 965 (9th Cir. 2011).

In *Gonzalez*, the Ninth Circuit remanded with instructions to stay an otherwise exhausted claim "until Gonzales[4] has had an opportunity to present . . . new evidence to the California Supreme Court." 667 F.3d at 999. However, only one judge of the three-judge panel (Judge Clifton) determined that a stay was necessary. Judge Fletcher would have held *Pinholster* inapplicable and decided Gonzales's unexhausted *Brady*[5] claim on appeal without remand. *Id*. Judge O'Scannlain dissented, believing the majority's disposition directly conflicted with *Pinholster*. *Id*. at 1017.

Sonner's position is that, if this court determines that any "new evidence" cannot be considered because of *Pinholster*, then it should issue a stay to allow him to exhaust the evidence in state court, just as the court in *Gonzalez* did in that case. The stay mandated in *Gonzalez* was narrowly tailored to allow Gonzales to present to the state court specific evidence (psychological reports bearing on the credibility of an important witness for the State) in support of one specific claim (a *Brady* claim based on the State's suppression of the reports prior to trial). 667 F.3d at 986. The court issued that stay after concluding that Gonzales satisfied the *Rhines*[6] requirements for an exhaustion stay as to that particular claim. 667 F.3d at 980.

Here, Sonner has not clearly identified the claims that have been adjudicated on the merits in

---

[4] As noted in the opinion, Gonzales's name is misspelled in the case caption. *Gonzalez*, 667 F.3d at 971 n.1.

[5] *Brady v. Maryland*, 373 U.S. 83 (1963).

[6] In *Rhines v. Weber*, 544 U.S. 269, 278 (2005), the Court instructed that "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics . . . the district court should stay, rather than dismiss" a federal petition containing unexhausted claims.

state court (i.e., the claims to which *Pinholster* might apply),[7] much less show that he can meet the *Rhines* requirements for each of those claims. This court will be in a better position to address whether a stay under *Gonzalez* may be appropriate when it identifies which of Sonner's claims have been adjudicated on the merits in state court and analyzes whether any of those claims potentially warrant federal habeas relief. *See Gonzalez*, 667 F.3d at 980-86 (analyzing for the purposes of *Rhines* whether Gonzales had a "potentially meritorious *Brady* claim such that a reasonable state court could find a *Brady* violation"). For the time being, Sonner's motion for stay and abeyance shall be denied without prejudice.

   *4. Motion for evidentiary hearing*

Likewise, the motion for an evidentiary hearing shall also denied without prejudice because the court has yet to examine each of Sonner's habeas claims on the merits. Prior to conducting that examination, the court is unable to determine whether an evidentiary hearing is required to adjudicate Sonner's claims. The court will reconsider Sonner's motion if, following consideration of the merits of his claims, the court determines that an evidentiary hearing is necessary.

**IT IS THEREFORE ORDERED** that petitioner's motion for leave to conduct discovery (ECF No. 186) is DENIED.

**IT IS FURTHER ORDERED** that petitioner's motion for leave to expand the record (ECF No. 187) is GRANTED under the terms discussed above.

**IT IS FURTHER ORDERED** that petitioner's motion for evidentiary hearing (ECF No. 181) and motion for stay and abeyance (ECF No. 218) are DENIED without prejudice.

\ \ \

---

[7] In support of his motion to stay, he argues that Claims G, H, I, II, TT2, and TT10 are claims that were presented on direct appeal or in his first state post-conviction proceeding, and addressed by the Nevada Supreme Court on the merits. ECF No. 218, p. 14 n.4. In support of his motion to expand the record, however, he identifies Claims G, H, and II as claims that were raised for the first time in his second state post-conviction proceeding and dismissed on procedural grounds. ECF No. 187, p. 10; ECF No. 192, p. 18 n. 6.

**IT IS FURTHER ORDERED** that petitioner's motions for leave to file excess pages (ECF Nos. 216 and 220) are GRANTED *nunc pro tunc* as of February 20, 2014, and March 19, 2014, respectively.

DATED: May 14, 2014

_____
UNITED STATES DISTRICT JUDGE