UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MICHAEL SONNER,

Petitioner,

v.

WILLIAM GITTERE, et al.,

Respondents.

Case No. 2:00-cv-01101-KJD-DJA

ORDER

Before the court is respondents' motion for reconsideration of this court's prior decisions relating to timeliness and procedural default. In particular, respondents ask the court to reconsider its order of October 2, 2019 (ECF No. 259), wherein the court determined that, under *Williams v. Filson*, 908 F.3d 546 (9th Cir. 2018), Sonner is entitled to equitable tolling for numerous habeas claims the court had previously dismissed as untimely. Respondents also argue that this court erred in its order of March 26, 2013 (ECF No. 170), when it determined that those claims were not procedurally defaulted. For reasons that follow, the motion for reconsideration is denied, but the court will issue an indicative ruling with respect to the procedural default issue.

1. *Timeliness*.

In *Williams*, the court concluded that the habeas petitioner was entitled to equitable tolling for the period between the statutory deadline and the date he filed his

amended petition due to petitioner's reasonable reliance on the unsettled state of the

law on relation back in the habeas context during the relevant time period. 908 F.3d at

559-60. Noting the procedural similarity between this case and *Williams*, this court

entered an indicative ruling under Rule 62.1 that Sonner was entitled to Rule 60(b) relief

with respect to claims this court had previously dismissed as untimely. ECF No. 250.

> As in *Williams*, Sonner, this court, and the State relied on the
> assumption that any newly added claims arising from the same trial and
> conviction would automatically relate back to the initial petition. That
> assumption was vindicated by the Ninth Circuit's decision in *Felix v.
> Mayle*, 379 F.3d 812 (9th Cir. 2004). It was not until June 23, 2005, with
> the Supreme Court's issuance of *Mayle v. Felix*, that the parties to this
> case and the court learned that only new claims that shared a "common
> core of operative facts" with existing claims would relate back to the initial
> petition as contemplated in Fed. R. Civ. P. 15(c). *See Mayle*, 545 U.S.
> 663-64. Thus, in light of *Williams*, this court must conclude that Sonner is
> entitled to equitable tolling from the date he filed his initial petition until
> June 23, 2005. In addition, there does not appear to be a dispute that,
> discounting that time period, Sonner filed his amended petition with nine
> days of the one-year statutory period to spare. Thus, all the claims in the
> amended petition are timely.
>
> Respondents argue that Sonner is not entitled to equitable tolling
> because, by waiting 194 days after the *Mayle* decision to file his amended
> petition, he did not exercise reasonable diligence. *See Holland v. Florida*,
> 560 U.S. 631, 649 (2010) (habeas petitioner must demonstrate "that he
> has been pursuing his rights diligently" to be entitled to equitable tolling).
> As previously noted by this court, however, the time gap did not preclude
> a finding of diligence "given the complexity and gravity of his capital case."
> ECF No. 243, p. 4. Sonner's amended petition is nearly 500 pages and
> contains over 100 claims of error. ECF No. 96.
>
> Also, under the Ninth Circuit's stop-clock rule, Sonner was "entitled
> to use the full one-year statute-of-limitations period." *See Grant v.
> Swarthout*, 862 F.3d 914, 919 (9th Cir. 2017). By showing an entitlement
> to tolling for any amount of time during the limitations period, then that
> time is to be subtracted from the total number of days that have passed
> from the date on which the AEDPA limitations period began to run. *See id.*
> at 918. While it left for "another day" the question whether a petitioner with
> a timely petition under this scenario "may need to prove that he was
> diligent after an extraordinary circumstance has ended," the court in *Grant*
> strongly suggested the answer is that he does not. *Id*. at 924 n.9.

*Id*. at 4-5 (footnote omitted). When the Ninth Circuit granted Sonner's motion for a

limited remand, this court entered its order of October 2, 2019, granting Sonner's Rule

60(b) motion. ECF No. 259.

Respondents argue the court should reconsider its decision to grant equitable tolling because the Ninth Circuit in *Smith v. Davis*, 953 F.3d 582 (9th Cir. 2020), specifically rejected the "stop-clock" rule. The court in *Smith* held that, for a petitioner to meet the reasonable diligence prong of *Holland*'s equitable tolling standard, "he must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court." 953 F3d at 598-99.

This court agrees that it stopped short of conclusively resolving the diligence question based on the assumption that it was not necessary to do so under the stop-clock rule. Sonner argues that he is nonetheless entitled to equitable tolling because he exercised the requisite level of diligence in preparing and filing his amended petition following the Supreme Court's decision in *Mayle*. The court in *Smith* emphasized that, notwithstanding its rejection of the stop-clock approach, "the rule remains that '[t]he diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence."'" *Id*. at 599 (quoting *Holland*, 560 U.S. at 653)).

In arguing that he was reasonably diligent in pursuing his rights, Sonner cites to the extensive work required to complete the amended petition, this court's orders granting him extensions of time, and his decision to include all potentially meritorious claims in his amended petition. Having considered these arguments and the respondents' arguments in opposition, the court is satisfied that Sonner is entitled to equitable tolling notwithstanding the *Smith* decision.

About five weeks before the Supreme Court issued *Mayle* on June 23, 2005, this court had set August 24, 2005, as the deadline for Sonner's amended petition. ECF No. 82. On August 16, 2005, Sonner's counsel requested a 90-day extension of time, citing not only remaining work to be done on the amended petition, but also the need to spend time on case budgeting and management, as well as work on numerous other cases. ECF No. 89. The court found good cause for the extension but granted it on the

condition that no further extensions would be permitted in the absence of extraordinary circumstances. ECF No. 90.

When counsel filed a motion for an additional 30-day extension in November 2005 (ECF No. 91), the court ordered a hearing because the motion made no reference to the requirement that Sonner "show extraordinary circumstances to justify any further extension of time," nor did the motion "purport to make any such showing." ECF No. 92. While the specific reasons cited by counsel at the hearing are not in the court record, the court subsequently found "that at the November 21 hearing petitioner's counsel made a satisfactory showing of circumstances justifying one further extension of the time for amendment of the habeas petition in this case" and "extend[ed] to January 2, 2006, the time for petitioner to file and serve a First Amended Petition." ECF No. 94.

Sonner filed the amended petition on January 3, 2006. ECF No. 96. While they are not dispositive, the court's orders granting extensions of time at least support a finding that Sonner was exercising reasonable diligence between June 23, 2005, and January 3, 2006. Sonner also points to the lackluster work of his state post-conviction counsel and the "10,000 pages of new material to review for potential habeas claims" he had accumulated "[a]t the time discovery closed in October 2004." ECF No. 275 at 15. And, given its length and breadth, the amended petition undoubtedly required vast amounts of time to prepare and file.

The court is also not persuaded by respondents' argument that, if diligent, Sonner would have been more selective about the claims he included in his petition. As Sonner points out, counsel representing a capital habeas petitioner are advised by American Bar Association Guidelines to raise all arguably meritorious claims. ECF No. 275 at 20 (citing ABA Guideline 10.15.1(C)).

In summary, the record supports a finding that, during the relevant time period, Sonner "work[ed] on his petition with some regularity—as permitted by his circumstances—until he file[d] it in the district court." *Smith*, 953 F.3d at 601. The

additional circumstances noted above also support a finding of reasonable diligence. Thus, the court stands by its prior decision to grant Sonner equitable tolling.

2.   *Procedural default*.

In response to respondents' motion to dismiss his amended petition, Sonner moved to stay federal proceedings in order to exhaust state remedies for his unexhausted federal claims. ECF No. 108. The court granted the motion. ECF No. 113. As a result, this action was stayed from December 21, 2006, until January 9, 2012. When the stay was lifted, respondents filed a motion to dismiss that raised both the timeliness defense discussed above and a procedural default defense. ECF No. 132.

As to the latter, respondents argued the doctrine of procedural default barred this court from considering any claim in his amended federal petition that had yet to be exhausted when he returned to state court in 2007 to complete exhaustion. In deciding that motion, this court determined that, although the timeliness bar imposed by the Nevada Supreme Court (Nev. Rev. Stat. § 34.726) was a "clear, consistently applied, and well-established" procedural rule at the time of Sonner's default, the state court applied the rule to Sonner in a way that rendered it inadequate to bar federal court review of his claims. ECF No. 170 at 21-22 (citing *Lee v. Kemna*, 534 U.S. 362, 376 (2002)). Specifically, this court determined that the Nevada courts deprived Sonner the opportunity to overcome the timeliness bar by showing of good cause and prejudice in the manner prescribed by state law. *Id*.

With their motion for reconsideration, respondents argue that ruling was based on this court's misunderstanding of U.S. Supreme Court precedent and its misconstruction of the state court's treatment of Sonner's exhaustion petition. Respondents argue that finding an otherwise adequate state procedural bar to be inadequate in a particular case is permitted only when the state court applied the rule in an unforeseeable manner, which was not the case here. Having taken a closer look at controlling case law, this court agrees that it viewed too broadly the "limited category" of

5

"exceptional cases in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question." *Lee*, 534 U.S. at 376. Indeed, there is a notable paucity of reported cases in which the Ninth Circuit has placed a case in this "limited category."

In *Lee*, the petitioner orally requested a continuance of his murder trial when subpoenaed alibi witnesses failed to appear, but the trial court denied the motion due to scheduling conflicts. Years later, in response to Lee's argument on direct appeal that the refusal to grant a continuance denied him due process and the right to present a defense, the State invoked for the first time a Missouri rule that lists the factual showings necessary to obtain a continuance due to the absence of witnesses. *Id*. at 372, 380. The Missouri Court of Appeals denied relief based on that rule and another rule requiring that motions for continuance be submitted in writing along with an affidavit. *Id*. at 372-73.

After noting that Lee could have readily complied with the rules if they had been contemporaneously mentioned by the prosecutor or trial judge, the Supreme Court found application of the rules inadequate to bar federal review based on "three considerations, in combination": (1) Lee's formal compliance with the rules would not have changed the trial judge's continuance decision, (2) "no published Missouri decision directs flawless compliance with [the rules] in the unique circumstances this case presents," and (3) Lee substantially complied with the rules with his "submissions both immediately before and at the short trial." *Id* at 380-82, 387. Commenting on "the exceptional category *Lee* described and illustrated," the Court in  in *Walker v. Martin*, 562 U.S. 307 (2011), noted that "a state court's persnickety application of a rule" on continuance motions did not bar federal court review because "[t]he defendant had substantially complied with the rule's key requirement and flawless compliance would have been unavailing given the trial court's reason for denying the motion." 562 U.S. at 316 n.4.

This court overlooked these defining aspects of *Lee* when it relied upon the case to find the Nevada Supreme Court's application of Nev. Rev. Stat. § 34.726 inadequate to bar federal review of Sonner's claims. In addition, respondents' argument that this court misconstrued the Nevada courts' procedural default rulings also has some merit.

This court's order granting a stay focused on four claims in Sonner's amended petition "that respondents concede[d] to be timely and that respondents claim[ed] to be unexhausted." ECF No. 113. Having been granted a stay, Sonner returned to state district court and filed a second state habeas petition on February 1, 2007, advancing the claims contained in his amended federal petition. ECF No. 134. Relying on this court's stay order, the state district court entered an order *sua sponte* directing Sonner to file an amended petition containing only the four claims identified in this court's stay order because "all other claims as set forth in the petition are untimely under NRS 34.726." ECF 136-4 at 5.

Concerned that the state district court had erred by relying on this court's stay order to dismiss Sonner's claims, the State filed a motion for reconsideration in which it noted its belief that the state district court was "premature" in requiring Sonner to abandon all but the four claims and that, if Sonner was not allowed an opportunity to show good cause and prejudice to overcome the procedural defaults, "the Nevada Supreme Court will certainly remand this case to give him one." ECF No. 136-6 at 5. Sonner also filed a motion for reconsideration to which he attached a memorandum arguing he could show good cause and actual prejudice to excuse the default of his claims. ECF Nos. 136-13 and 14. While the motions were pending, Sonner filed an amended petition in compliance with the state district court's initial order. ECF Nos. 136-16 through 19.

In its order ruling on the motions for reconsideration, the state district court stated as follows:

1
2
3
4

> The Court notes with regard to Petitioner's Response to Respondents' Motion for Reconsideration and Petitioner's Motion for Reconsideration of Court Order, as well as Petitioner's Motion for Reconsideration, both parties have already set forth before this Court memorandums regarding procedural default. In considering said pleadings, this Court has reconsidered its previous Order in this case. . . . and concludes again that there are four, and only four, grounds to be considered by the Court. . . .

5
6
7

> The Court has considered all other pending motions and documents filed by both sides in this matter, including the procedural default issues, and has determined again that the only four issues appropriately before this Court are those set forth in Petitioner's Amended Petition for Writ of Habeas Corpus. . . . .

8   ECF No. 136-20 at 4-5. Thus, while Sonner was not afforded an evidentiary hearing on

9   whether he could meet the good cause and prejudice exception to Nev. Rev. Stat. §

10  34.726, this court's previous findings the state district court failed to independently

11  assess whether his claims were barred under Nevada's procedural rules and failed to

12  render a *decision* on cause and prejudice are not entirely accurate. See ECF No. 170 at

13  20-21.

14       In his brief on appeal to the Nevada Supreme Court, Sonner argued the

15  substantive merit of the four claims the state district court addressed on the merits. ECF

16  No. 137-21. He also argued that the state district court erred by summarily dismissing

17  his remaining claims without making specific findings as to procedural default or

18  conducting an evidentiary hearing on his good cause and prejudice claims. *Id*.

19       The Nevada Supreme Court held that the lower court erred by failing to apply the

20  procedural default to the four claims it decided on the merits. ECF No. 138-6 at 4-5.

21  After discussing and rejecting Sonner's good cause arguments, the court concluded the

22  four claims were procedurally barred as untimely. *Id*. at 4-6. As to Sonner's remaining

23  claims, the court affirmed the lower court's procedural default decision, again rejecting

24  Sonner's good cause arguments. *Id*. at 7. In footnotes, the court added that the district

25  court erred "to the extent [it] summarily dismissed those claims on the ground Sonner

26  was limited to solely raising the four federally unexhausted claims" but "that Sonner

27  failed to demonstrate that his good-cause claims warranted an evidentiary hearing." *Id*

28

Based on the foregoing, this court is no longer convinced that the Nevada courts' application of its timeliness bar to Sonner's claims fits in the "limited category" of "exceptional cases in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question." *Lee*, 534 U.S. at 376. Sonner was no doubt abundantly aware that Nevada's timeliness rule would apply to the claims in his state exhaustion petition. Unlike the petitioner in *Lee*, he did not substantially comply with the rule only to have the state court deny consideration of his federal claims based on an unforeseeable or "persnickety" application of the rule. At most, the Nevada courts failed to strictly adhere to governing statutes and precedents in applying the timeliness rule, but that is not sufficient to render the rule inadequate to bar federal review. *See Martin*, 562 U.S. at 320 (noting that a procedural rule "ought not be disregarded automatically upon a showing of seeming inconsistencies").

Having reached this conclusion, the court is concerned about the scope of the Ninth Circuit's limited remand in this case. *See United States v. Garcia-Beltran*, 443 F.3d 1126, 1130 (9th Cir. 2006) ("The rule of mandate requires a lower court to act on the mandate of an appellate court, without variance or examination, only execution."). Under the limited remand, this court is to consider the merits of the claims it previously dismissed as untimely. See ECF Nos. 251 and 259. It is far from clear that this court is permitted to revisit its procedural default rulings under the limited remand. Also, while a reversal of this court's prior procedural default ruling would apply to the vast majority, if not all, of the claims it previously dismissed as untimely, it would also apply to claims this court decided on the merits – i.e., claims clearly beyond the scope of the limited remand. Accordingly, the court will deny respondents' motion for reconsideration and, instead, issue an indicative ruling under Fed. R. Civ. P. 62.1.[1]

---

[1] The court has considered and rejects Sonner's argument that respondents' motion for reconsideration is untimely as to court's procedural default ruling given that it was issued in 2013. Almost all the claims to which the ruling applied were dismissed as untimely in the same 2013 order. Those claims were not revived until October of 2019. ECF No. 259.

IT IS THEREFORE ORDERED that respondents' motion for reconsideration (ECF No. 269) is DENIED.

IT IS FURTHER ORDERED that the court issues the following indicative ruling under Rule 62.1 regarding the respondents' motion:

> In its order of March 26, 2013 (ECF No. 170), this court erroneously concluded that the Nevada timeliness bar (Nev. Rev. Stat. § 34.726) as applied to the claims contained in Sonner's state exhaustion petition was not adequate to bar federal review. All of the claims in Sonner's operative federal petition (ECF No. 96), except for Claims G, H, I, M1, M3, N, GG, II, PP4, TT2, TT10, TT11, ZZ. GGG, HHH, and KKK, are barred from federal review by the procedural default doctrine absent a showing of cause and prejudice or a fundamental miscarriage of justice.

This court will grant respondents' motion for reconsideration as to this issue if the Ninth Circuit elects to remand for that purpose after receiving notice of this order.

IT IS FURTHER ORDERED that respondents' unopposed motion for extension of time (ECF No. 276) is GRANTED *nunc pro tunc* as of November 16, 2020.

IT IS FURTHER ORDERED that petitioner's motion for leave to file a sur-reply (ECF No. 278) is GRANTED.

DATED THIS 17th day of March, 2021.

_____
UNITED STATES DISTRICT JUDGE