UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MICHAEL SONNER,

Petitioner,

v.

WILLIAM GITTERE, et al.,

Respondents.

Case No. 2:00-cv-01101-KJD-DJA

ORDER

On March 17, 2021, this court issued an indicative ruling on respondents' motion for this court to reconsider its 2013 decision to reject their argument that several of Sonner's habeas claims are barred by the doctrine of procedural default. ECF No. 280. Agreeing that decision was incorrect, the court indicated that it would grant respondents' motion (ECF No. 269) as to that issue if the Ninth Circuit elected to remand for that purpose. *Id*. On May 3, 2021, the Ninth Circuit entered an order expanding its prior limited remand to include the indicative ruling. ECF No. 281. In response, Sonner filed a motion for this court to reconsider its reconsideration of its procedural default ruling. ECF No. 282. For reasons that follow, that motion will be denied, but the court will allow Sonner to attempt to demonstrate the procedural default should be excused.

At issue is whether the Nevada courts applied Nevada's timeliness bar (Nev. Rev. Stat. § 34.726) to Sonner's claims in a way that rendered the bar inadequate to

foreclose federal court review. Contrary to Sonner's arguments in support of reconsideration, this court did not overlook the state district court's improper reliance on this court's stay order (ECF No. 113) in adjudicating Sonner's state exhaustion petition. And, even if it did, its misapprehension of the state district court proceedings would not serve as grounds for reconsideration.

As noted in the March 17 order, the Nevada Supreme Court acknowledged that the lower court may have erred by dismissing claims based on the notion that Sonner was only permitted to raise the four unexhausted claims identified in this court's stay order. ECF No. 138-6 at 7. Notwithstanding that possible error, the Nevada Supreme Court concluded that the remaining claims were nonetheless barred by Nevada's timeliness and successiveness rules and that Sonner had failed to demonstrate good cause to excuse his default. *Id*.

This court's 2013 procedural default ruling in Sonner's favor was based on a determination that Sonner had not been given sufficient opportunity, under Nevada law, to make a good cause showing in state court. ECF No. 170 at 22. The court cited to the holding *Lee v. Kemna*, 534 U.S. 362, 376 (2002), in support of its decision. *Id*. When respondents moved for reconsideration, a closer reading of that case and its distinguishing facts prompted this court to change its initial ruling. ECF No. 280 at 5-9. Sonner has not presented a compelling argument for the court to restore its initial decision.

Sonner does, however, provide a persuasive reason for allowing him to update his arguments in support of excusing his procedural default. In particular, he notes that the law governing cause and prejudice has changed in the nine years since the parties briefed the issue. In addition, respondents do not object to supplemental briefing. Thus, the court will allow it.

IT IS THEREFORE ORDERED that, in accordance with the Ninth Circuit's order expanding the limited remand (ECF No. 281), respondents' motion for reconsideration

(ECF No. 269) is GRANTED in part. All of the claims in Sonner's operative federal petition (ECF No. 96), except for Claims G, H, I, M1, M3, N, GG, II, PP4, TT2, TT10, TT11, ZZ. GGG, HHH, and KKK, are barred from federal review by the procedural default doctrine absent a showing of cause and prejudice or a fundamental miscarriage of justice.

IT IS FURTHER ORDERED that Sonner's motion for reconsideration (ECF No. 282) is DENIED.

IT IS FURTHER ORDERED that Sonner shall have **60 days** from the date of this order within which to file points and authorities in support of excusing the procedural default of his claims. Respondents shall have **45 days** from the date Sonner files his points and authorities to file a response. Sonner shall thereafter have **30 days** to file a reply.

IT IS FURTHER ORDERED that the scheduling order entered October 2, 2019, (ECF No. 259) is VACATED.

DATED THIS 24 day of _June_, 2021.

_____
UNITED STATES DISTRICT JUDGE